**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name:  04a0091n.06**
**Filed:  November 16, 2004**

**No. 03-5678**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| RAYMOND TATE, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MERRITT, DAUGHTREY, and SUTTON, Circuit Judges.

SUTTON, Circuit Judge.  Convicted under 18 U.S.C. § 922(g) for possession of ammunition by a felon, Raymond Tate raises one issue on appeal:  Did the district court correctly instruct the jury that Tate bore the burden of proving his affirmative defense of necessity by a preponderance of the evidence?  A decision of our Court, *United States v. Brown*, 367 F.3d 549 (6th Cir. 2004), recently resolved this precise question, holding that a defendant bears the burden of proving his affirmative defense of necessity by a preponderance of the evidence.  In view of this decision and in view of our disagreement with Tate's position that courts have flexibility in engrafting affirmative defenses onto criminal statutes but no flexibility in determining who bears the burden of proof under these defenses, we affirm.

Standing outside his home, Raymond Tate saw two men in a car talking to a third man. Recognizing some of them and apparently sensing an opportunity for humor, Tate yelled, "Police." The men were not amused. One of the car's occupants made a threatening comment to Tate, then left the scene. Concerned for his safety, Tate asked a passing friend for a gun. The friend obliged and lent his weapon to Tate. Tate's fears materialized minutes later when the car returned and the men fired at Tate, hitting him in the arm. Tate returned fire. Everyone survived the cross-fire, including a ten-year-old bystander hit by a stray bullet.

Because Tate previously had been convicted of a felony, the police charged him with possessing ammunition (spent shell casings found near his home, since the gun could not be found) in violation of 18 U.S.C. § 922(g). Without objection from either party, the judge gave the following instruction regarding Tate's necessity defense: "The defendant's actions were justified and therefore he is not guilty, only if the defendant has shown by a preponderance of the evidence that each of the [ ] five elements [of the affirmative defense] is true." JA 32. The jury returned a guilty verdict.

Having failed to object below, Tate must demonstrate that the jury instruction on the burden of proof constituted plain error. *See United States v. DeJohn*, 368 F.3d 533, 540 (6th Cir. 2004). He cannot make this showing, first and foremost because the instruction was not in error. In *United States v. Singleton*, 902 F.2d 471 (6th Cir. 1990), we held that the defense of justification by necessity may, in rare occasions, apply to § 922(g) charges. "Although the language of 18 U.S.C. § 922 gives no hint of an affirmative defense of justification," we explained, "Congress enacts

criminal statutes 'against a background of Anglo-Saxon common law.'" *Id.* at 472 (quoting *United States v. Bailey*, 444 U.S. 394, 415 n.11 (1980)). After finding that the affirmative defense applied, we concluded that the defendant bore the burden of proof in asserting the defense. *Singleton*, 902 F.2d at 472–73. Most recently in *Brown*, we removed any lingering doubt about the standard of proof applicable to a necessity defense by holding that a defendant "may be required to prove that defense by a preponderance of the evidence." 367 F.3d at 556.

Although *Singleton* and *Brown* address the same question that Tate raises, Tate presents an argument not specifically foreclosed by these cases. Legislatures, not courts, he argues, have the sole authority to assign the burden of proof with respect to an affirmative defense. In support, Tate invokes Chief Justice Rehnquist's concurrence in *United States v. Gaudin*, 515 U.S. 506 (1995), where he wrote that "[f]ederal and state legislatures may reallocate burdens of proof by labeling elements as affirmative defenses," *id.* at 525. By negative implication, Tate reasons, courts may not allocate a burden of proof for an affirmative defense. Not true. As *Singleton* demonstrates, the only reason Tate may raise an affirmative defense in this case is that a court engrafted the defense onto the statute in view of the common-law backdrop against which Congress enacted the law. *See Singleton*, 902 F.2d at 472 ("the language of 18 U.S.C. § 922 gives no hint of an affirmative defense of justification"). When a court construes a statute to include a common-law defense, it is both appropriate and necessary for the court to assign the burden of proof regarding that defense. "Where courts have engrafted a traditional common-law defense onto a statute that itself is silent as to the applicability of traditional defenses, it is within the province of the courts to determine

where the burden of proof on that defense is most appropriately placed." *United States v. Dodd*, 225 F.3d 340, 345 (3d Cir. 2000).

To rule otherwise would force us to accept one of two implausible propositions. Proposition one: federal courts may engraft common-law affirmative defenses onto federal criminal statutes but have no authority to determine the quantum of proof applicable to the defense or to assign the burden of proof to one party or the other. Proposition two: federal courts may determine the burden of proof but it always will be a beyond-a-reasonable-doubt standard that the government invariably must satisfy. The first approach could never be implemented in a criminal trial. And the second approach would make little sense when applied to common-law affirmative defenses that imposed the burden of proof on the defendant. For how could one fairly say that a federal criminal statute silently incorporates a common-law affirmative defense but not the common-law burden of proof that goes with it? To ask the question, it seems to us, is to answer it.

We affirm.